UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21420-BLOOM/Otazo-Reyes

DALE LEWIS,

    Plaintiff,

v.

ETHICON ENDO-SURGERY, INC.;
ETHICON ENDO-SURGERY, LLC;
JOHNSON & JOHNSON HEALTH
CARE SYSTEMS, INC.; and
JOHNSON & JOHNSON CONSUMER, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon a *sua sponte* review of Plaintiff Dale Lewis's ("Plaintiff") Complaint, ECF No. [1] ("Complaint"). The Court has reviewed the Complaint, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the above-styled case is dismissed without prejudice.

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). Further, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

Case No. 21-cv-21420-BLOOM/Otazo-Reyes

The Complaint in this case alleges that diversity jurisdiction exists over this action pursuant to 28 U.S.C. § 1332. ECF No. [1] ¶ 3.1. The Complaint further states that, "[a]t all times material, Defendant Ethicon Endo-Surgery, LLC, was and is a foreign corporation with its principal place of business at 475 Calle C, Guaynabo, Puerto Rico 00969." *Id.* ¶ 2.3.

District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 'all plaintiffs must be diverse from all defendants.'" *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) (quoting *Univ. of S. Ala.*, 168 F.3d at 412)). "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).[1]

"[F]or the purposes of establishing diversity jurisdiction, an unincorporated business association or entity, such as a general or limited partnership or a limited liability company, is not a 'citizen' under 28 U.S.C. § 1332(a) in its own right." *First Home Bank*, 2020 WL 802518, at *2 (citing *Xaros v. U.S. Fid. & Guar. Co.*, 820 F.2d 1176, 1181 (11th Cir. 1987)). Rather, the longstanding rule is that "the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). With regard to the existence of diversity jurisdiction, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

citizens." *Id.* (citing *Carden*, 494 U.S. at 195-96). "Therefore, in order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity." *First Home Bank*, 2020 WL 802518, at *2 (citing *Rolling Greens MHP, L.P.*, 374 F.3d at 1022).

Here, Plaintiff has failed to sufficiently allege the citizenship of Defendant Ethicon Endo-Surgery, LLC. Indeed, although it describes Defendant Ethicon Endo-Surgery, LLC as a "foreign corporation," it is actually denoted throughout the Complaint as a limited liability company. *See* ECF No. [1] ¶ 2.3. Nevertheless, Plaintiff does not identify the members of the "limited liability company [or] their respective states of citizenship." *First Home Bank*, 2020 WL 802518, at *2 (citing *Rolling Greens MHP, L.P.*, 374 F.3d at 1022). As explained above, however, "[t]o sufficiently allege the citizenships of [] unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership," and if the party invoking the court's jurisdiction fails to do so, as Plaintiff has here, it cannot satisfy its burden of establishing diversity of citizenship. *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Accordingly, "the Court lacks sufficient information to satisfy the jurisdictional inquiry." *First Home Bank*, 2020 WL 802518, at *2.

Accordingly, it is **ORDERED AND ADJUDGED** that the above-styled case is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is permitted to file an amended complaint that properly alleges the basis for invoking diversity jurisdiction **on or before April 22, 2021.**

Case No. 21-cv-21420-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 15, 2021.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record