§UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21420-BLOOM/Otazo-Reyes

DALE LEWIS,

    Plaintiff,

v.

ETHICON ENDO-SURGERY, INC.;
ETHICON ENDO-SURGERY, LLC;
JOHNSON & JOHNSON HEALTH
CARE SYSTEMS, INC.; and
JOHNSON & JOHNSON CONSUMER, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff Dale Lewis's ("Plaintiff") Motion for Leave to File Amended Complaint, ECF No. [6] ("Motion"), filed on April 27, 2021. The Court has carefully reviewed the Motion, the proposed Amended Complaint, ECF No. [6-1] ("Amended Complaint"), the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

Plaintiff initiated this action on April 14, 2021. *See* ECF No. [1]. On April 15, 2021, this Court dismissed the above-styled case without prejudice because Plaintiff failed to sufficiently allege diversity jurisdiction, and it permitted Plaintiff to file an amended complaint that properly alleged jurisdiction by no later than April 22, 2021. ECF No. [4] at 3 ("Order of Dismissal"). Specifically, the Court detailed why Plaintiff's jurisdictional allegations were deficient, explaining that in order to properly allege the citizenship of an unincorporated entity, such as Defendant Ethicon Endo-Surgery, LLC, Plaintiff must specifically identify the members of the limited

liability company and their respective citizenships. *Id.* (citing *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020)). When Plaintiff failed to file an amended complaint by April 22, 2021, the Court closed the case. ECF No. [5]. Plaintiff now files the instant Motion, requesting leave to file the Amended Complaint out of time because counsel erroneously missed the deadline set by the Court in its Order of Dismissal.

Setting aside the question of whether good cause exists to permit Plaintiff to belatedly file the Amended Complaint, a review of the proposed pleading reveals that the jurisdictional allegations are yet again deficient. In particular, rather than allege Defendant Ethicon Endo-Surgery, LLC's members and respective citizenships, as the Order of Dismissal required, Plaintiff has included the following allegation in his Amended Complaint instead:

> At all times material, Defendant Ethicon Endo-Surgery, LLC,[n.2] is incorporated in the State of Delaware and its principal place of business is located in Puerto Rico and, per its Certificate of Authorization to do Business of a Foreign Corporation filed with the Puerto Rico Registry of Corporations and Entities, lists its designated office address in Puerto Rico as 475 Street C Los Frailes Industrial Park, Suite 401, Guaynabo, PR 00969 and its Corporate Domicile as 1209 Orange Street, Wilmington, DE 19801. . . .
>
> > [n.2] Notably, in a case pending in the United States District Court for the Western District of Washington, involving the same surgical stapler at issue in this case, the same Defendants were sued, and the Ethicon and Johnson & Johnson Defendants stipulated that Ethicon-Endo Surgery, LLC is a manufacturer and seller of the surgical stapler at issue and is a proper party to the lawsuit.

ECF No. [6-1] ¶ 2.3.

As the Court made clear in its Order of Dismissal, alleging a limited liability company's place of "incorporation"—rather than the requisite citizenship of each of the unincorporated entity's members—is insufficient for the purpose of establishing diversity jurisdiction. ECF No. [4] at 3. Moreover, it is well established that, "[u]nder the law of this circuit, [] parties cannot waive subject matter jurisdiction[.]" *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999).

Case No. 21-cv-21420-BLOOM/Otazo-Reyes

Therefore, Plaintiff's attempt to circumvent the need to adequately allege diversity jurisdiction in footnote two is equally inadequate. As the Amended Complaint yet again fails to sufficiently allege diversity jurisdiction, Plaintiff's Motion is due to be denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [6]**, is **DENIED**. This case shall remain **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 28, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record