UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21420-BLOOM/Otazo-Reyes

DALE LEWIS,

    Plaintiff,

v.

ETHICON ENDO-SURGERY, INC.;
ETHICON ENDO-SURGERY, LLC;
JOHNSON & JOHNSON HEALTH
CARE SYSTEMS, INC.; and
JOHNSON & JOHNSON CONSUMER, INC.,

    Defendant.
_____/

## ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Plaintiff Dale Lewis's ("Plaintiff") Motion for Leave to File Amended Complaint, ECF No. [10] ("Motion"), filed on May 6, 2021. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

Plaintiff initiated this action on April 14, 2021. *See* ECF No. [1]. On April 15, 2021, this Court dismissed the above-styled case without prejudice because Plaintiff failed to sufficiently allege diversity jurisdiction and permitted Plaintiff to file an amended complaint that properly alleged jurisdiction by no later than April 22, 2021. ECF No. [4] at 3 ("Order of Dismissal"). Specifically, the Court detailed why Plaintiff's jurisdictional allegations were deficient, explaining that in order to properly allege the citizenship of an unincorporated entity, such as Defendant Ethicon Endo-Surgery, LLC, Plaintiff must specifically identify the members of the limited liability company and their respective citizenship. *Id.* (citing *First Home Bank v. Net Zero LLC*,

No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020)). When Plaintiff failed to file an amended complaint by April 22, 2021, the Court closed the case. ECF No. [5]. Then, on April 27, 2021, Plaintiff filed a Motion for Leave to File Amended Complaint, ECF No. [6] ("Motion for Leave"), which requested this Court's permission to file a proposed amended complaint out of time. Notably, however, Plaintiff's proposed amended complaint failed to cure the jurisdictional pleading deficiencies the Court described in its Order of Dismissal. As such, jurisdiction was lacking and the Court denied Plaintiff's Motion for Leave and ordered that the case remain closed. ECF No. [8] ("Order on Motion for Leave").

Plaintiff now files the instant Motion, which again seeks leave to file an amended complaint. However, as the Court already addressed and denied Plaintiff's Motion for Leave—which requested the same relief as this Motion—the Court construes the instant Motion as a motion for reconsideration.

"[C]ourts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *see Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012). "[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania de Elaborados*

*de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003). Simply put, a party cannot move for reconsideration "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005).

In the Motion before the Court today, Plaintiff states that since the Court's Order on Motion for Leave, "Plaintiff's Counsel has obtained information establishing that none of the members of Ethicon Endo-Surgery, LLC, are domiciled in the State of Florida." ECF No. [10] at 2. In Plaintiff's opinion, "[t]his newly discovered information establishes that Plaintiff has alleged sufficient facts to establish diversity jurisdiction over Defendant Ethicon Endo-Surgery, LLC, because the amount in controversy is over $75,000.00 and none of the members of the LLC are citizens of the State of Florida." *Id.* Plaintiff further notes that granting the Motion will not cause Defendants to suffer any prejudice, as they have not yet answered or appeared in this case. *Id.*

Upon review, the Court finds that Plaintiff's Motion falls woefully short of explaining why the "newly discovered information" regarding the citizenship of Defendant Ethicon Endo-Surgery, LLC could not have been obtained previously. Indeed, the Court provided Plaintiff with clear and express guidance on how to cure the pleading deficiencies in its Order of Dismissal, which Plaintiff failed to do on two separate occasions. The instant Motion simply describes new jurisdictional allegations based upon information that was previously available to Plaintiff, had he been diligent in investigating and curing the jurisdictional issues noted in the original complaint. Moreover, the instant Motion fails to address any of the grounds justifying reconsideration and it fails to set forth any basis warranting reconsideration of the Court's decision. The Court therefore finds that Plaintiff has failed to demonstrate that reconsideration or modification of the Court's prior orders is warranted.

Case No. 21-cv-21420-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [10]**, is **DENIED**. This case shall remain **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 11, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record